## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEFAN MITCHELL,** | Civ. No. 15-cv-6907 (KM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **CITY OF JERSEY CITY, JERSEY CITY POLICE DEPARTMENT, and OFFICER RAY WEBER,** | |
| **Defendants.** | |

### KEVIN MCNULTY, U.S.D.J.:

The plaintiff, Stefan Mitchell, has brought this civil rights action against a Jersey City police officer, Ray Weber, the Jersey City Police Department,[1] and the City of Jersey City. Now before the Court are motions to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim, brought by Weber (ECF no. 8) and the City (ECF no. 9). For the reasons stated herein, the motions will be granted in part and denied in part.

---

[1]     Although no one raises the point, the Jersey City Police Department, as such, is not a proper defendant. A Police Department is not a separate legal entity, but a department of the municipality. N.J. Stat. Ann. § 40A:14–118 (municipal police department is "an executive and enforcement function of municipal government").*See also Adams v. City of Camden*, 461 F. Supp. 2d 263, 266 (D.N.J. 2006); *McGovern v. Jersey City*, No. 98-CV-5186 2006 WL 42236, at *7 n.4 (D.N.J. Jan. 6, 2006) (police departments cannot be sued in conjunction with municipalities because police departments are administrative arms of local municipalities, not separate entities); *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (same). For claims involving the Police Department, the proper defendant is the City itself. I will therefore dismiss the Jersey City Police Department as a defendant. The correction is technical; the substance of the action is not affected.

1

## I.     Legal Standard

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

The Complaint, at ¶ 16, refers to a decision of the Appellate Division ("App. Div. Op.") in the plaintiff's state criminal case. *State v. Mitchell*, no. A-0224-12T2 (Super Ct. N.J. App. Div. Aug. 6, 2013); copy attached to plaintiff's motion papers, ECF No. 13-1 at 4). The court may, without converting this Rule 12(b)(6) motion to one for summary judgment, consider matters of public record and documents cited in or relied on by the Complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general

2

rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.' ") (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

## II.   The Complaint

The allegations of the Complaint ("Cplt.", ECF no. 1, attached to removal petition) have not been tested by any fact finder. They are assumed to be true solely for purposes of this motion to dismiss.

On April 2, 2011, Officer Ray Weber and other police officers were on surveillance outside Mr. Mitchell's home. They arrested another person for a narcotics offense. (Cplt. ¶¶6–7)  Mitchell emerged from his home, and the officers arrested him "based on outstanding warrants." (Cplt. ¶ 8) The Complaint does not state the nature and outcome of any other charges that may have been the basis for the outstanding warrants.

Before obtaining a search warrant, the officers searched Mitchell's home, where they "allegedly located certain contraband." (Cplt. ¶¶ 10–11) The Complaint implies, but does not explicitly state, that the contraband formed the basis for further criminal charges.

Because it is a matter of public record, and is cited and relied on in the Complaint (¶ 16), I have reviewed the Appellate Division's decision. *See* pp. 2–3, *supra.* I consider it, however, only as to the procedural history of the suppression motion in the case. The Appellate Division opinion describes factual findings to the effect that the officers validly entered the home to aid Mr. Mitchell's autistic son. The officers exceeded their justification for entry, however, when they went ahead and conducted a search before receiving a search warrant for which they had applied. That warrantless search yielded a loaded handgun and 24 glass vials of cocaine. As a result, on August 2, 2011, Mr. Mitchell and another person were indicted for drug and weapons offenses.

(Indictment no. 11-08-1320) On January 23, 2012, Mitchell and his co-defendant moved to suppress the evidence as the fruit of an illegal search and seizure. The Appellate Division upheld the trial court's finding that the statements of the officers as to the sequence of events were not credible in several respects.

The complaint alleges that, to justify the illegal search, Officer Weber and/or other officers allegedly filed false police reports. (Cplt. ¶ 18) Officer Weber also allegedly testified falsely at the suppression hearing in Superior Court. The motion to suppress evidence was granted. (Cplt. ¶¶ 13–14) In the decision cited above, the Appellate Division affirmed the trial court's suppression decision. (Cplt. ¶ 16)

"All of the criminal charges" were ultimately dismissed. (Cplt. ¶¶ 17, 21) Meanwhile, Mr. Mitchell had spent some fourteen months incarcerated. (Cplt. ¶ 11) It is implied that he posted bail at some point, although this is not clear. (*See* Cplt. ¶¶ 17, 20)

Count 1 of the Complaint asserts state-law claims of false arrest, unlawful detention/imprisonment, and violations of the New Jersey Civil Rights Act and New Jersey Constitution. (Cplt. ¶¶ 22–28) Count 2 of the Complaint asserts claims of violations of 42 U.S.C. § 1983, the New Jersey Civil Rights Act, and the New Jersey Constitution, all sounding in Malicious Prosecution. Count 3 asserts a claim of municipal liability—essentially, that the City should be held vicariously liable for the acts alleged in Counts 1 and 2.

## III.   Analysis

### A.   Count 1—Statute of Limitations

Whether Count 1 is viewed as a constitutional claim under 42 U.S.C § 1983 or as state tort claim, the statute of limitations is the same: two years. Section 1983 claims are subject to New Jersey's two-year personal injury tort statute of limitations. N.J. Stat. Ann. § 2A:14-2(a). *See Wilson v. Garcia,* 471

U.S. 261, 176–78, 105 S. Ct. 1938 (1985); *Patyrak v. Apgar,* 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police,* 603 F.3d 181, 185 (3d Cir. 2010)).

In response to the motions to dismiss, Plaintiff's counsel concedes that Count 1 is barred by the statute of limitations. (Pl. Br. at 3 n.2, ECF no. 13 at 6 n.2) ("Plaintiff is not challenging dismissal of Count One of the Complaint alleging false arrest based upon the statute of limitations.") The motions to dismiss are therefore granted as to Count 1.

### B.    Count 2

Count 2 asserts, under both 42 U.S.C. § 1983 and state law, a tort claim of malicious prosecution.[2] On a Constitutional claim of malicious prosecution, a plaintiff must allege that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Bingnear,* 441 F. App'x 848, 851 (3d Cir. 2011) (quoting *McKenna v. City of Philadelphia,* 582 F.3d 447, 461 (3d Cir. 2009)). The elements of a state tort claim are not quite identical, but similar. *See Lind v. Schmid,* 67 N.J. 255, 262, 337 A.2d 365, 368 (1975).

I find that Count 2 of the Complaint does factually allege the required elements. There was a criminal proceeding; the charges were dismissed; defendant Weber and other officers allegedly filed false reports and testified falsely to sustain otherwise-unsupported charges; and the defendant was incarcerated and otherwise deprived of his liberty.

---

2    The statute of limitations is not asserted as to Count 2. As to malicious prosecution, the tort was not complete, and limitation period did not start running, until the "favorable termination," *i.e.,* the dismissal of the state charges. *Rose v. Bartle,* 871 F.2d 331, 348–50 (3d Cir. 1989).

5

Officer Weber and the City assert two arguments to the effect that probable cause existed as a matter of law. Considering the issue as to a § 1983 malicious prosecution claim, the Third Circuit summarized the applicable standards thus:

> "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge [at the moment the arrest was made] are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police,* 71 F.3d 480, 482 (3d Cir.1995). When an arrest is made pursuant to a warrant, a plaintiff must establish a lack of probable cause "by a preponderance of the evidence: (1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo,* 212 F.3d 781, 786–87 (3d Cir. 2000). While usually "the question of probable cause in a section 1983 damage suit is one for the jury," *Montgomery v. De Simone,* 159 F.3d 120, 124 (3d Cir.1998), a district court can determine that probable cause exists as a matter of law and grant summary judgment when the evidence cannot reasonably support a contrary finding, *see Sherwood v. Mulvihill,* 113 F.3d 396, 401 (3d Cir.1997).

*Woodyard v. Cty. of Essex,* 514 F. App'x 177, 183 (3d Cir. 2013)

Weber and the City rely on the validity of the initial arrest, stating that it was supported by probable cause based on either (a) the outstanding warrants or (b) the seized contraband itself. Initially, I note that the malicious prosecution claim is based not just on the arrest, but on the continuing pursuit of the drug and weapon charges. [3] And even if a claim of false arrest could be vitiated by one sufficient basis among many, a claim of malicious prosecution may be based on the pursuit of invalid charges, even if others are valid. *Johnson v. Knorr,* 477 F.3d 75, 83–85 (3d Cir. 2007). As for the seized

---

[3]   At any rate, however, the precise basis of the arrest is the subject of some evidentiary confusion. *See* App. Div. Op. at *9. Defendants take the Complaint's phrase "based on outstanding warrants" as an admission, but this may have just been a recounting of the *stated* basis for the arrest.

6

contraband, the complaint alleges that the conduct did not end there. The officers' misrepresentations about the search and the events of April 2, 2011, it is alleged, formed the basis for the presentation to the grand jury and the continued pursuit of charges relating to the drugs and weapon seized from Mr. Mitchell's home.[4]

Officer Weber and the City cite the grand jury indictment as conclusive proof of probable cause. True, "in a section 1983 malicious prosecution action, as in a common law action for malicious prosecution, a grand jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute, but that ... prima facie evidence may be rebutted by evidence that the presentment was procured by fraud, perjury or other corrupt means." *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989). Of course such corrupt means are not proven, but they are alleged.

### C.    Count 3 – Municipal liability

Count 3 assets a claim of municipal liability. It cites only the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-2 *et seq.*, although liability under 42 U.S.C. § 1983 may also have been intended.

Whether liability flows to the City depends on many factors. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (rejecting municipal *respondeat superior* liability under § 1983 and requiring personal involvement); *Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 297–99 (D.N.J. 2012) (same, N.J. Civil Rights Act and N.J. Constitution). The complaint—somewhat generally, to be

---

[4]    Neither side has briefed the issue of the applicability of the exclusionary rule in this civil proceeding. *See Jackson v. Davis*, No. 2:13-CV-1717, 2014 WL 3420462, at *20 (W.D. Pa. July 14, 2014) (collecting cases); *Grendysa v. Evesham Twp. Bd. of Educ.*, No. CIV.A. 02-1493 (FLW), 2005 WL 2416983, at *10 n.13 (D.N.J. Sept. 27, 2005). Because no reported, precedential case, clearly binds me on the issue, and because the issue requires a factual context, I will not dismiss the complaint on these grounds.

sure—pleads bases for municipal liability, such as inadequate training and municipal policy.

The City states, but does not rely on, any fact-intensive *Monell* analysis in its motion to dismiss. Rather, it takes the simpler route of joining in the arguments of Officer Weber, and stating that, since Counts 1 and 2 should be dismissed, then the City cannot be found vicariously liable under Count 3. (ECF no. 9-1 at 4–5)

The liability of a municipality is contingent on the liability-creating conduct of its employee. Thus, to the extent Count 3 asserts liability for the now-dismissed Count 1 false arrest allegations, it, too, must be dismissed in part. Because Count 2 survives, however, the City's motion to dismiss Count 3 must be denied to the extent it incorporates the Count 2 allegations.

## IV.    CONCLUSION

For the foregoing reasons, the motions to dismiss filed by defendants, Officer Ray Weber and the City of Jersey City, are **GRANTED IN PART** and **DENIED IN PART**. Count 1 is dismissed in its entirety. Count 3 is dismissed insofar as it rests on the dismissed allegations of Count 1, but otherwise remains intact. The Court *sua sponte* dismisses the action against the Police Department of Jersey City, which is not a proper defendant.

An appropriate Order will issue.

Dated: April 7, 2016

**KEVIN MCNULTY**
**United States District Judge**

8